(125 App. Div. 715.)

## NOVOGRUCKY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   April 24, 1908.)

1. WITNESSES—IMPEACHMENT—INCONSISTENT STATEMENTS.

Where, in a personal injury action, a witness testified that plaintiff asked him to testify for him, though witness told him it would be perjury, and that plaintiff stated he did not care, as he wanted to win, it was improper to exclude an affidavit previously made by such witness that he saw the injury inflicted, that thereafter plaintiff asked him if he would testify, and that he said he would.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 1251.]

2. SAME.

To impeach testimony by an inconsistent affidavit made by the witness, it is not necessary that the affidavit be proved to be his by his own testimony, or that he be cross-examined about it and asked if the statements in it are true; but unless a witness not a party is asked on cross-examination whether he made a certain oral or written declaration inconsistent with his testimony, or notice of a forthcoming attempt to impeach him is given in some other way, so that the party calling him may require him to remain in court to explain or contradict the impeaching evidence, such evidence will not be allowed, if he is not in court when it is offered.

Appeal from Special Term.

Action by Henry Novogrucky, an infant, by Wolf Novogrucky, his guardian ad litem, against the Brooklyn Heights Railroad Company. From an order denying a motion on the minutes for a new trial, and from an order denying a new trial for newly discovered evidence, plaintiff appeals. First order reversed, and new trial granted. Appeal from second order dismissed, with permission to renew.

The action was for damages for injuries received on one of the defendant's street cars. The plaintiff testified that he got on the running board to sell a newspaper and that the conductor seized him and threw him off, and the car wheel cut his leg; and was corroborated by other witnesses.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Robert Stewart (R. G. Barclay, on the brief), for appellant.
D. A. Marsh, for respondent.

GAYNOR, J.   The defendant called a witness who testified that the plaintiff's father, a stranger to him, accosted him in the street and asked him if he would take a walk to his house as he wished to see him on a little business; that he went with him to his house and there met the plaintiff also; that the plaintiff explained to him that he had a case against the defendant and asked the witness to testify for him; that he told them that it would be perjury for him to do so and asked if they understood that, to which the plaintiff said yes; that he told the plaintiff it would be a state's prison offense, and he answered that he did not care, that he wanted to win the case; that he told them he would not make a fit witness as he did not see anything; that the plaintiff then asked him if he could get two other fellows, and

that he said he could.  On cross-examination counsel for the plaintiff presented to the witness a paper and asked him if he did not sign and swear to it, but he denied it.  In rebuttal it was proved by the testimony of an associate of the plaintiff's counsel that the witness had come to him at the plaintiff's house and had there signed the paper and sworn to it before him, after it had been drawn up from his statements and read to him.  The learned trial judge excluded the paper, except the signature of the witness to it, on it then being offered in evidence by the counsel for the plaintiff, on the objection that it was incompetent.  The exception to this ruling was good.  The paper is an affidavit by the witness that he was standing near by when the plaintiff was hurt and saw the conductor take hold of him and shove him off the running board of the car; that a few weeks before the trial he met the plaintiff and asked him if he was not the young fellow who was hurt on the cars; that the plaintiff told him he had a case in court and asked him if he would be a witness, and that he said he would.  It is always competent to show that a witness made statements, oral or written, either before or after he testified, which are inconsistent with his testimony.  It is said that the affidavit was excluded because it was not proved by the testimony of the witness himself to be his affidavit, and because he was not cross-examined about it and asked if the statements in it were true—a method followed by some counsel under the mistaken notion that it is required.  It is true that in Romertze v. East River National Bank, 49 N. Y. 577, it was proved by the evidence of the witness himself that he signed the paper, and it was held that it was not necessary for the plaintiff's counsel to then examine him about it and put it in evidence, but that the regular course was to reserve it until his turn came to put in evidence and then put it in with his other evidence, leaving the other side to examine the witness in explanation of it if any could be given.  There was no intimation, even, that the signature to the paper had to be proved by the testimony of the witness himself, or that he had to be cross-examined about the contents, in order to make the paper competent evidence.  Bad law may be easily made by taking the converse of a legal proposition for law.  It could be proved by any one or in any way and then put in evidence.  Evidence, oral or written, of inconsistent statements of a witness, to impeach him or affect his credibility, is, like evidence of statements by the witness, or otherwise, to show bias or hostility in him, material and relevant, and not on a collateral matter, and the rules in respect of its admissibility should be distinguished from the rules in respect of the admissibility of such collateral evidence.  Such inconsistent statements may be proved orally by witnesses called for that purpose, or by written declarations of the witness being discredited.  It has long been the custom and the rule in the courts, however, to ask the witness on cross-examination if he be not a party, whether he signed the paper or made the oral declarations, so that the side calling him may have notice of what is coming, and require him to remain in court to be called to explain or contradict such statements if they should subsequently be put in evidence.  If this be not done, notice must be given in some other way, for if no notice be given and

the witness has gone the evidence will not be allowed. If, however, he be in court when the evidence is offered, there is no occasion to invoke the rule. 1 Gr. Ev. (15th Ed.) § 264, and especially the notes.

The order should be reversed.

Order denying the motion on the minutes for a new trial reversed, and new trial granted; costs to abide the event. Appeal from order denying motion on the ground of newly discovered evidence dismissed, to be renewed, if necessary. All concur.